# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* S.H. and L.W.

No. 20-0649 (Webster County 19-JA-45 and 19-JA-46)

**FILED**

**February 2, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.H., by counsel Andrew B. Chattin, appeals the Circuit Court of Webster County's July 28, 2020, order terminating her parental rights to S.H. and L.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem, Mary Elizabeth Snead, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period to correct the conditions of abuse and neglect.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2019, the DHHR filed a child abuse and neglect petition against petitioner after two-year-old S.H. was found alone playing in the middle of the road. The DHHR investigated and learned that petitioner's live-in boyfriend failed to supervise S.H, who had been left in his care while petitioner was gone. During the investigation, the home was found to be in a deplorable and filthy condition with numerous safety hazards including medications and other choking hazards on the floors within reach of the young children. The DHHR filed the instant petition alleging that petitioner failed to supervise the children and provide them with a fit and suitable home. The DHHR added that it was referred to petitioner's home for unfit living conditions as recently as June of 2019, and petitioner cleaned up the home by August of 2019. Petitioner waived her

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

preliminary hearing and was granted supervised visitations. The circuit court ordered petitioner to submit to drug screens.

Petitioner filed a motion for an improvement period in October of 2019, and the circuit court held an adjudicatory hearing the next month. Petitioner stipulated to the allegations contained in the petition, and the circuit court adjudicated her as an abusing parent. The circuit court held the motion for an improvement period in abeyance but ordered petitioner to submit to drug screens and continue exercising supervised visitations. The DHHR also provided petitioner with adult life skills and parenting sessions with a provider.

The circuit court held a dispositional hearing in June of 2020. The Child Protective Services ("CPS") worker assigned to supervise petitioner testified that petitioner initially complied with services by exercising visits with the children, submitting to drug screens, and completing parenting sessions. She stated, however, that in January of 2020, petitioner moved to Kanawha County with an unknown man and had not seen the children since. According to the worker, that same month petitioner tested positive for methamphetamine and she contacted the DHHR stating that she would no longer participate in services. Petitioner stopped submitting to drug screens in January of 2020. The worker further stated that she tried to complete a home visit to inspect petitioner's new home in June of 2020, but petitioner refused to allow the worker inside the house. The worker took pictures of the outside of the home, which showed large amounts of trash and pots of marijuana plants. Also, the worker testified that at a multidisciplinary team ("MDT") meeting in June of 2020, petitioner agreed to move forward with services but demanded a different parenting class provider. The circuit court then admitted several photographs of petitioner's current home. The worker also explained that petitioner was offered drug rehabilitation services, but declined. Next, petitioner testified and stated that she was willing to comply with the terms and conditions of an improvement period if she were given a new provider and if the DHHR would "compromise" with her. She stated that she had complied with drug testing and blamed her lawyer and the DHHR for her inability to see the children since January of 2020. Lastly, petitioner denied using methamphetamine but admitted to using marijuana in May of 2020. She further indicated that the marijuana plants found at the home where was she was currently living were seized by the police. Petitioner also refused to submit to a drug screen after the hearing.

At the close of evidence, the circuit court found that petitioner had not corrected the conditions of abuse and neglect as the pictures showed that her current home was unfit for the children. The circuit court noted petitioner's attitude towards the DHHR regarding the terms of an improvement period and found that petitioner was unlikely to fully participate in an improvement period. The circuit court also found that petitioner failed to comply with the circuit court's orders by testing positive for methamphetamine, using controlled substances, and possessing controlled substances. Accordingly, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that she could correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. Petitioner now appeals the July 28, 2020, dispositional order terminating her parental rights to the children.[2]

---

[2]S.H.'s biological father voluntarily relinquished his parental rights and the permanency plan for S.H. is adoption by his foster family. The father of L.W. is a nonabusing parent, and the permanency plan for L.W. is to remain in the father's care.

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period to correct the conditions of abuse and neglect. According to petitioner, she had suitable housing at the time of the dispositional hearing, and she testified that she would comply with the terms and conditions of an improvement period. Petitioner concedes that she did not fully cooperate with services due to her disliking the service provider but argues that she would have completed an improvement period if granted one. We find petitioner is entitled to no relief.

As this Court has recognized, a parent bears the burden of establishing that she is likely to fully comply with an improvement period in order to obtain one. *In re Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004) (a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence that the [parent] is likely to fully participate in the improvement period'"). Here, the record overwhelmingly establishes that petitioner failed to satisfy this burden, given her refusal to participate in services beginning in January of 2020 and her agreement to comply with the terms and conditions of an improvement period only if the DHHR compromised. Although petitioner claims that she complied with drug screening, the record shows that she stopped drug screening after testing positive for methamphetamine in January of 2020. Also, petitioner admitted at the dispositional hearing to using controlled substances and living at a home that harvested marijuana. Petitioner claims that she would correct the conditions of abuse and neglect, yet the record indicates that she moved into another deplorable and unfit home in another county. In short, we find that petitioner's unsupported assertion that she was likely to address the conditions of abuse and neglect was insufficient to satisfy the burden of proof necessary for obtaining an improvement period. Because petitioner failed to satisfy this burden, we find no abuse of discretion in the circuit court's denial of her motion for an improvement period. *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996)

("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . .").

Further, we find no error in the circuit court's termination of petitioner's parental rights. According to petitioner, her home at the time of the dispositional hearing was suitable for the children. However, the circuit court reviewed the photos of petitioner's home, which showed that the house was surrounded by trash and unfit for the children's habitation. Furthermore, petitioner admitted that police seized marijuana plants from that home. Finally, petitioner denied using methamphetamine despite testing positive for the substance in January of 2020. Upon reviewing the record, we find that the circuit court made the appropriate findings necessary for termination under West Virginia Code § 49-4-604(c)(6). Specifically, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future based, in part, upon her refusal to participate in services or otherwise correct the conditions of abuse and neglect. This is a situation in which there is no reasonable likelihood that a parent can correct such conditions. W. Va. Code § 49-4-604(d)(3) (providing that no reasonable likelihood the conditions of abuse and neglect can be substantially corrected exists when the parent has "not responded to or followed through with a reasonable family case plan"). Additionally, this Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, the circuit court's July 28, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: February 2, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton